# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE SPENCE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive,<br><br>    Defendants. | 1:10-cv-01754 LJO GSA<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**<br><br>(Document 11) |

**PROCEDURAL BACKGROUND**

On October 23, 2010, Plaintiff Michele Spence filed a complaint in the United States District Court for the District of Columbia. (Doc. 1.) On September 1, 2010, Plaintiff was ordered to show cause why the matter should not be transferred to the United States District Court for the Eastern District of California. (Doc. 4.) Thereafter, on September 22, 2010, the district court in Washington, D.C., transferred the matter to this Court. (*See* Docs. 7-8.)

On October 1, 2010, Plaintiff filed a number of documents relating to the service of process of Defendant United States of America. (Doc. 10.) On November 9, 2010, Plaintiff filed a "Praecipe to the Clerk" and "Affidavit in Support of Preacipe [*sic*] to the Clerk," as well as a

proposed order. (Docs. 11-13.) As of this date, no appearance in this action has been made on behalf of any defendant.

Plaintiff requests that the Clerk of the Court enter default and default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Plaintiff notes that she does not seek monetary damages. Rather, Plaintiff seeks to quiet title to property located at 45865 Strawberry Road in Coarsegold, California, "by way of declaratory relief, that the Defendants do not have any right, title, or interest in the subject property . . .." (Doc. 12 at 2-3; *see also* Doc. 1 at 4.)

For the reasons that follow, Plaintiff's requests that the Clerk of the Court enter default and default judgment against Defendant United States of America are DENIED.

## DISCUSSION

Plaintiff seeks to have the Clerk of this Court enter default and default judgment against Defendant United States of America pursuant to Rules 55(a) and 55(b)(1) of the Federal Rules of Civil Procedure. Those provisions provide as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
>   (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff overlooks subdivision (d) of that rule however. That section works to preclude her request herein:

> (d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies *only* if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(Emphasis added.) As explained below, Plaintiff has failed to establish a claim or right to relief against the United States. *See Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984); *see also Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009).

1  Here, Plaintiff has failed to properly serve the United States of America and thus she has
2  no right to the relief requested.  Rule 4(i)(1) of the Federal Rules of Civil Procedure provides in
3  relevant part:

> (A)(i) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk - or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Plaintiff originally filed this action in the district court for the District of Columbia, however, the matter was transferred to this Court for a lack of venue.  (Doc. 7.)  After Plaintiff was ordered to show cause why her complaint should not be transferred - but before the district court in the District of Columbia actually transferred the matter to this Court - Plaintiff attempted to serve Defendant.  She did so by serving the summons, via certified mail, upon the "United States Attorney" at 501 Third Street, N.W. in Washington, D.C., on or about September 3, 2010.  The certified mail return receipt is date-stamped September 14, 2010, and reflects a signature for receipt of delivery.  (Doc. 10 at 1-4[1].)

Initially, the Court notes that there is no indication that a copy of the complaint was also served via United States mail, return receipt requested.  A summons and complaint must be served together.  *See* Fed. R. Civ. Proc. 4(c)(1); *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1521 (9th Cir. 1990).  Service of a summons without a copy of the complaint is insufficient to secure jurisdiction over the defendant.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Plaintiff's document indicates only that the summons was included in the mailing.  (*See* Doc. 10 at 1 ["I served the summons on . . ."].)

---

[1] Pages 5 and 6 of the Proof of Service are a copy of the United States District Court for the District of Columbia's September 22, 2010, transfer order.

3

More importantly, personal delivery was required to the United States Attorney for the district where the action was brought. *See* Fed. R. Civ. Proc. Rule 4(i)(1)(A)(i) ("*deliver* a copy of the summons and of the complaint . . . [emphasis added]). Thus, while Plaintiff sent a copy of the summons via certified mail, return receipt requested to the United States Attorney in Washington, D.C. (prior to the action being transferred to this Court), service by mail is and was not effective on the United States Attorney. Hand delivery to the local United States Attorney's Office, followed by sending copies of the summons and complaint via certified or registered mail to the United States Attorney General, is essential. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)); *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (plaintiff "must serve the United States in the way Rule 4 requires; actual notice is insufficient").

It seems Plaintiff may have partially complied with Rule 4(1)(A)(ii) of the Federal Rules of Civil Procedure for it appears she served the Attorney General for the United States in Washington, D.C. by registered or certified mail. Again however, the proof of service on file with this Court refers only to Douglas P. Spence, process server, having served the "summons" rather than both the summons and complaint upon "Eric Holder Attorney General." (Doc. 10-1 at 1-4.)

Next, Plaintiff's attention is directed to Rule 4(i)(1)(C) of the Federal Rules of Civil Procedure wherein it states that "if the action challenges an order of a non-party or officer of the United States . . ." that party must also be sent, i.e., mailed, a copy of the summons and complaint via certified or registered mail. Plaintiff's complaint seeks to quiet title to property located in Coarsegold, California, apparently after actions were taken to foreclose on the property. Plaintiff's complaint refers to Freddie Mac and Aurora Loan Services, LLC, as having "played a part in the non-judicial foreclosure proceedings." Plaintiff apparently names the United States of America as Defendant because Plaintiff was advised in writing by counsel for Aurora Loan Services, LLC, that the current note holder of the subject property is Freddie Mac,

and because Defendant is "acting as an agent for HUD . . . the department of the federal government that oversees and manages FREDIE [*sic*] MAC." (Doc. 1 at 1-2.) Thus, to the degree Plaintiff's complaint seeks to challenge orders of any non-party, such as Freddie Mac, Aurora Loan Services, LLC, the Department of Housing and Urban Development or any other involved lender or non-party agency or officer of the government, Plaintiff is also required to serve those parties with a copy of the summons and complaint via certified or registered mail.

Notably too, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, the clerk may only enter a default judgment "'[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain[.]' This is an action for declaratory relief; no sum certain has been requested." *See Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 329 (W.D. Mich. 2000). Like the situation in *Northland*, Plaintiff here does not seek a sum certain, rather her action is one for declaratory relief. Therefore, Plaintiff's request that the Clerk enter a default judgment in the form of quiet title or other declaratory relief may not be granted. Rule 55(b)(2) of the Federal Rules of Civil Procedure requires a party "in all other cases" to apply to the Court, rather than the Clerk, for default judgment. As already explained, default judgment is not appropriate here.

Finally, Rule 4(i)(4)(A) and (B) of the Federal Rules of Civil Procedure requires that this Court "allow a party reasonable time to cure its failure[s]" regarding service of process. Therefore, Plaintiff will be given an opportunity to correct the deficiencies identified herein with regard to service of process upon Defendant United States of America.

**ORDER**

Plaintiff's requests for entry of default and default judgment by the Clerk of the Court are DENIED.

Plaintiff shall be given thirty (30) days within which to correct the deficiencies in service of process identified herein:

1. Specifically, with regard to service of the United States Attorney, Plaintiff shall *personally deliver a copy of the summons and of the complaint* to the United States Attorney *in Fresno*;[2]
2. Plaintiff shall send a copy of the summons *and complaint* by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and,
3. If necessary, pursuant to Rule 4(i)(1)(C) of the Federal Rules of Civil Procedure, Plaintiff shall send a copy of the summons and complaint by registered or certified mail to any non-party agency or officer of the United States.

Lastly, Plaintiff is advised that failure to comply with this Order will result in dismissal of this action for a failure to prosecute.

IT IS SO ORDERED.

Dated:   **November 17, 2010**                   **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Because the action has been subsequently transferred from the district court in the District of Columbia to the United States District Court for the Eastern District of California in Fresno.