IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE SPENCE,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 10-1754 LJO GSA<br><br>**ORDER ON GOVERNMENT'S F.R.Civ.P. 12 MOTIONS TO DISMISS**<br>(Docs. 2, 17.) |

**INTRODUCTION**

Defendant United States of America ("Government") seeks to dismiss pro se plaintiff Michele Spence's ("Ms. Spence's") claims arising from her loan default and property foreclosure as failing to invoke this Court's subject matter jurisdiction and to allege cognizable claims. This Court considered the Government's F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6) motions to dismiss on the record and VACATES the March 22, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES with prejudice this action and in turn DENIES Ms. Spence's motion to stop foreclosure and eviction.

**BACKGROUND**

**Ms. Spence's Defaulted Loan**

In September 2005, Ms. Spence obtained a $267,800 loan from Plaza Home Mortgage, Inc. ("Plaza Home Mortgage") and which was secured by her Coarsegold, California property ("property").

1

1  The loan's note was transferred to Lehman Brothers Bank ("Lehman Brothers") and later sold to the
2  Federal Home Loan Mortgage Corporation ("Freddie Mac"), a shareholder-owned corporation. Ms.
3  Spence defaulted on the loan, and Freddie Mac pursues non-judicial foreclosure of the property.

### Ms. Spence's Claims

Ms. Spence proceeds on her Verified Complaint for Quiet Title (First Amended) ("FAC"). The FAC comprise 93 pages of text and 108 pages of exhibits. The FAC names only the Government as a defendant. The FAC claims that Freddie Mac, Lehman Brothers and others "acted outside the scope of their authority, violated my rights and violated the law, by claiming to have standing to foreclose on the note and deed of trust, which was sold to Freddie Mac who purchased by the note from the previous creditor, Lehman Brothers Bank, FSB, to whom the promissory note and probably the deed of trust was assigned." The FAC's gist is that foreclosure is improper without production of Ms. Spence's original note. For instance, the complaint alleges that "Aurora Loan Services, LLC is only a trustee or loan servicer at this stage and has refused and failed to produce the note."

In an apparent attempt to invoke this Court's jurisdiction, the FAC alleges:

> California state courts tend to favor the banks in state courts often setting aside the law in order to give the banks favorable treatment. As a result, I can only file documents in federal court to seek a legal remedy in this matter.
>
> . . .
>
> The United States of America is named as a defendant because they are the principal for the Department of Housing and Urban Development, which oversees, manages and controls Freddie Mac . . . they exercised powers that they do not have and have taken actions in conjunction with local attorneys to deprive me of my private property without due process of law. Due process of law deprivations occurred, in this context, when Lehman Brothers Bank, FSB, and Freddie Mac acted in league with Doe Defendants to foreclose on my property, even though they had no standing to do so, since the note was sold to them by the original lender, Plaza Home Mortgage, Inc., and appears to have been subsequently sold to a Mortgage Backed Security, and probably sold later to an undisclosed Third Party Note Buyer . . .

The FAC seeks to quiet title to the property, or alternatively, $80,000 in silver coins as damages for slander of title, fraudulent concealment, negligent misrepresentation, violation of the Fair Debt Collection Practices Act, and violation of the Fifth and Fourteenth Amendments.

/ / /

/ / /

## **THE GOVERNMENT'S F.R.Civ.P. 12(b)(1) MOTION TO DISMISS**

### Standards

The Government's initial attack is that the FAC fails to invoke this Court's subject matter jurisdiction.

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396; *see Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) ("plaintiff has burden of proving jurisdiction" to survive a F.R.Civ.P. 12(b)(1) motion to dismiss).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a complaint with affidavits or other evidence, such as the Government's attack here, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

1  "The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993). "[T]he burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

With these standards in mind, this Court turns to the Government's challenges to subject matter jurisdiction.

## Absence Of Immunity Waiver

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker*, 817 F.2d at 562. "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker*, 817 F.2d at 562. A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d 558, 560 (1988). "It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . ." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182, 56 S.Ct. 780 (1936). "Absent consent to sue, dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

The Government contends that the FAC lacks a valid jurisdictional basis for a claim against the Government in that the FAC's factual allegations involve a foreclosure by Freddie Mac, a corporation organized under federal law. *See* 12 U.S.C. § 1452. Freddie Mac is not a Government agency. *See American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 75 F.3d 1401, 1409 (9th Cir. 1996) ("Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process Clause"). The Government notes the absence of FAC allegations that the Government or Department of Housing and Urban Development claim an interest in the property.

The Government is correct that it has not waived sovereign immunity to permit the FAC to

1 proceed against it.  In the absence of a necessary waiver of sovereign immunity, the FAC fails to invoke
2 this Court's subject matter jurisdiction to warrant dismissal of this action.

## THE GOVERNMENT'S F.R.Civ.P. 12(b)(6) MOTION TO DISMISS

4 The Government further seeks F.R.Civ.P. 12(b)(6) dismissal in that it is not a real party subject
5 to a cognizable claim in the absence of subject matter jurisdiction.

6 "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal
7 may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*
8 *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua
9 sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.
10 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,
11 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte
12 prior to service of process on defendants).

13 "When a federal court reviews the sufficiency of a complaint, before the reception of any
14 evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether
15 a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the
16 claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*
17 *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either
18 a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal
19 theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*
20 *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

21 In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to
22 the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff
23 can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80
24 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that
25 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*
26 *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not
27 assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*
28 *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can

prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a

6

> context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

As discussed below, the FAC is subject to dismissal in the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. In addition, the FAC's claims are susceptible to defenses.

**Failure To Satisfy F.R.Civ.P. 8**

The FAC is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some

degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).  The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The FAC fails to satisfy F.R.Civ.P. 8.  The FAC rambles on with 93 pages of repetitive references to "possession of the note," "quiet title," "exceeding authority," and "no right, title and interest in the subject property."  The FAC fails to identify the Government's purported wrongdoing to provide fair notice as to what it is to defend.

The FAC's blizzard of purported violations under federal and California law and citations to legal authorities is insufficient.   The FAC is a hodgepodge of legal authority quotations, formulaic recitations and vague assertions of misconduct.  The FAC lacks cognizable claims or legal theories upon which to support the Government's liability.  The FAC lacks specific, clearly defined allegations to give fair notice of claims plainly and succinctly to warrant dismissal of this action.

### **Failure To Tender Indebtedness**

Ms. Spence's failure to tender, and apparent inability to tender, the amount owing on her loan further dooms the FAC's global claims.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495). Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

1  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references Ms. Spence's tender of indebtedness or meaningful ability to do so. The record's silence on Ms. Spence's tender of or ability to tender amounts outstanding is construed as her concession of inability to do so. Without Ms. Spence's meaningful tender, Ms. Spence seeks empty remedies, not capable of being granted and her purported claims are doomed.

**Note Possession**

The FAC's purported criticisms as to absence of note possession are unavailing. Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a

10

power of sale clause. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

"Under Civil Code section 2924, no party needs to physically possess the promissory note."

*Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

A purported holder in due course challenge fails as a matter of law to further warrant dismissal of this action. The record lacks facts of failure to comply with the statutory scheme for non-judicial foreclosure. A purported claim based on note delivery or possession fails, especially in the absence of allegations of misconduct in the foreclosure proceedings.

**Attempt At Amendment And Malice**

Since the FAC's claims are barred as a matter of law, Ms. Spence is unable to cure her claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court surmises that Ms. Spence has brought this action in absence of good faith and that Ms. Spence seeks to exploit the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action, especially given that Ms. Spence has filed multiple actions to address her loan default and property foreclosure.[1]

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action;

---

[1] Ms. Spence has filed in this Court three actions, two of which have been dismissed (*Michele Spence v. Lehman Brothers Bank, FSB, et al.*, Case No. CV F 10-1226 LJO DLB and *Michele A. Spence v. Wells Fargo Bank, N.A.*, Case No. CV F 10-2079 OWW DLB). The third action faces dismissal (*Michele A. Spence v. Wells Fargo Bank, N.A.*, Case No. CV F 10-2057 OWW GSA).

12

2. DENIES as moot Ms. Spence's motion to stop foreclosure and eviction; and

3. DIRECTS the clerk to enter judgment against plaintiff Michele Spence and in favor of defendant United States of America and to close this action.

IT IS SO ORDERED.

Dated:   **February 17, 2011**              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE